# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SINGLETON MILLSAP, aka FERNANDEZ SINGLETON MILLSAP, aka FREDDY ELLIS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 1:17-cv-00793-DAD-EPG-HC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 15) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 6, 2017, the Court denied Petitioner's motion for appointment of counsel. (ECF No. 12). On August 14, 2017, Petitioner filed a motion for reconsideration and a notice of interlocutory appeal regarding the denial of appointment of counsel. (ECF Nos. 15, 16). On September 14, 2017, the appeal was dismissed for lack of jurisdiction. (ECF No. 23).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to

1 appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In the motion for reconsideration, Petitioner informs the Court that he does not have a high school degree or a GED certificate. Petitioner's non-attorney friend is assisting Petitioner with these proceedings. Taking these additional factors into consideration, the Court still finds that Petitioner appears to have a sufficient grasp of his claims for habeas relief and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated: **September 15, 2017**

/s/ Erin P. Gross

UNITED STATES MAGISTRATE JUDGE

2