# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SINGLETON MILLSAP aka FERNANDEZ SINGLETON MILLSAP aka FREDDY ELLIS,<br><br>    Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:17-cv-00793-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, Petitioner asserts a violation of the Fourth Amendment's prohibition on unreasonable searches. For the reasons discussed herein, the Court recommends denial of the petition for writ of habeas corpus.

## I.

## BACKGROUND

On August 22, 2006, Petitioner was convicted of being a felon in possession of a firearm. Petitioner was sentenced to an imprisonment term of twenty-seven years to life. (LD[1] 1). On January 24, 2008, the California Court of Appeal, Fifth Appellate District affirmed the judgment. People v. Millsap, No. F051451, 2008 WL 192331 (Cal. Ct. App. Jan. 24, 2008). The California Supreme Court denied Petitioner's petition for review on April 9, 2008. (LDs 3, 4).

---

[1] "LD" refers to documents lodged by Respondent on August 16, 2017. (ECF No. 19).

Thereafter, Petitioner filed multiple post-conviction petitions, which were all denied. (LDs 5–14). Petitioner then filed a federal petition for writ of habeas corpus, which was denied on the merits with prejudice. (LDs 20, 21). On August 1, 2014, Petitioner, with the assistance of counsel, filed a petition for recall of sentence pursuant to Proposition 36 in the Kern County Superior Court, which denied the petition on October 28, 2014. (LDs 15, 16). On November 18, 2014, Petitioner filed a notice of appeal in the California Court of Appeal, Fifth Appellate District, which affirmed the denial of the petition on September 22, 2016. (LD 17); People v. Millsap, No. F070452, 2016 Cal. App. Unpub. LEXIS 7100 (Cal. Ct. App. Sept. 22, 2016). On October 25, 2016, Petitioner filed a petition for review in the California Supreme Court, which denied the petition on November 30, 2016. (LDs 18, 19).

On June 12, 2017, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). Respondent filed a motion to dismiss, which was later withdrawn. (ECF Nos. 18, 22, 26). On November 9, 2017, Respondent filed an answer to the petition. (ECF No. 29).

## II.

## STATEMENT OF FACTS[2]

> On October 22, 2005, Priscilla Monroy contacted the sheriff's department for a civil standby to keep the peace while she retrieved her belongings from the apartment she shared with defendant. Ms. Monroy was concerned for her safety because defendant kept a rifle at the apartment and had once pointed it at her. Two deputies accompanied Ms. Monroy to defendant's apartment, where defendant sat on the couch while Ms. Monroy collected her things. Ms. Monroy informed the deputies that defendant, who was a convicted felon, kept a rifle under the kitchen sink. One deputy looked in a cabinet under the sink and retrieved an unsecured, sawed-off .22-caliber rifle from behind a cut-out compartment separated by a small half wall.
>
> A jury subsequently found defendant guilty of being a felon in possession of a firearm and, as defendant had two prior strikes, the trial court sentenced defendant as a third-strike offender to a term of 27 years to life in prison. Following the enactment of Proposition 36, defendant filed a petition for recall of sentence. The trial court denied the petition, finding defendant was armed with the firearm he possessed during the commission of the commitment offense.

Millsap, 2016 Cal. App. Unpub. LEXIS 7100, at *2–3.

///

---

[2] The Court relies on the California Court of Appeal's September 22, 2016 opinion for this summary of the facts of the crime. See Vasquez v. Kirkland, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009).

# III.

## STANDARD OF REVIEW

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 (2000). The challenged action arises out of the Kern County Superior Court, which is located within the Eastern District of California. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (*en banc*). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); <u>Davis v. Ayala</u>, 135 S. Ct. 2187, 2198 (2015); <u>Harrington v. Richter</u>, 562 U.S. 86, 97–98 (2011); <u>Williams</u>, 529 U.S. at 413. Thus, if a petitioner's claim has been "adjudicated on the merits" in state court, "AEDPA's highly deferential standards" apply. <u>Ayala</u>, 135 S. Ct. at 2198. However, if the state court did not reach the merits of the claim, the claim is reviewed *de novo*. <u>Cone v. Bell</u>, 556 U.S. 449, 472 (2009).

In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Williams</u>, 529 U.S. at 412. In addition, the Supreme Court decision must "'squarely address[] the issue in th[e] case' or establish a legal principle that

'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA and the Court must defer to the state court's decision. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2008) (alterations in original) (quoting Wright v. Van Patten, 552 U.S. 120, 125, 123 (2008)).

If the Court determines there is clearly established Federal law governing the issue, the Court then must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A state court decision involves "an unreasonable application of[] clearly established Federal law" if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. That is, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

If the Court determines that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," and the error is not structural, habeas relief is nonetheless unavailable unless it is established that the error "had substantial and injurious effect or influence" on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation mark omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

AEDPA requires considerable deference to the state courts. The Court looks to the last reasoned state court decision as the basis for the state court judgment. See Brumfield v. Cain, 135 S. Ct. 2269, 2276 (2015); Johnson v. Williams, 133 S. Ct. 1088, 1094 n.1 (2013); Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). "When a federal claim has been presented to a state

court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Richter</u>, 562 U.S. at 99. Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). <u>Walker v. Martel</u>, 709 F.3d 925, 939 (9th Cir. 2013). "Independent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir. 2003). The Court must review the state court record and "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." <u>Richter</u>, 562 U.S. at 102.

## IV.

## DISCUSSION

In his sole claim for relief, Petitioner appears to challenge the denial of his petition for recall of sentence pursuant to Proposition 36. (ECF No. 1 at 6–7).[3] Respondent argues that: (1) the petition fails to raise a federal question; (2) a conclusory allegation of a federal rights violation fails to state a basis for relief; and (3) the state court's rejection of Petitioner's claim was reasonable. (ECF No. 29 at 17, 19, 20).

### A. Proposition 36

> On November 6, 2012, California voters overwhelmingly approved Proposition 36, also known as the Three Strikes Reform Act of 2012, which seeks to remedy the harshness of the Three Strikes Law both prospectively and retroactively. With some minor exceptions, Proposition 36 requires that, for the Three Strikes Law to apply, the third strike be a serious or violent felony. For defendants sentenced under the prior Three Strikes Law, Proposition 36 includes a resentencing provision that entitles defendants with a non-serious and non-violent third strike to petition for resentencing. Cal. Penal Code § 1170.126. Unless delayed for good cause, defendants seeking resentencing were required to petition the court that entered the judgment of conviction within two years of Proposition 36's passage. Cal. Penal Code § 1170.126(b).

<u>Clayton v. Biter</u>, 868 F.3d 840, 842 (9th Cir. 2017) (some citations omitted).

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

**B. Analysis**

Petitioner does not provide many substantive arguments or facts in support of his claim. In Ground One, the petition states: "In 2012 a new law was passed by the people, Proposition 36 creating the right to challenge and recall my sentence." (ECF No. 1 at 6). Under supporting facts, the petition states: "Conviction of sentence does not fall into one of the categories of the new law, Proposition 36." (Id. at 7). The Court will construe the petition as raising the same argument that was raised in the state courts. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe pro se pleadings and motions liberally).

In the state appellate courts, Petitioner argued that there was insufficient evidence to support the trial court's determination that Petitioner was "armed with a firearm" by having a firearm available for offensive or defensive use, and thus ineligible for resentencing. Petitioner challenged the denial of his resentencing petition in the California Court of Appeal, Fifth Appellate District, which affirmed the denial in a reasoned decision. The California Supreme Court summarily denied Petitioner's petition for review. As federal courts review the last reasoned state court opinion, the Court will "look through" the summary denial and examine the decision of the California Court of Appeal. See Brumfield, 135 S. Ct. at 2276; Ylst, 501 U.S. at 806.

In finding that Petitioner was armed with a firearm, and thus ineligible for resentencing, the California Court of Appeal stated:

> Defendant argues the trial court erred by finding he was armed with a firearm during the commission of his commitment offense, claiming the weapon's positioning in the compartment under the sink meant it was not available for offensive or defensive use. We disagree.
>
> Under Proposition 36, an inmate is not eligible for resentencing if the inmate's current conviction was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Among the crimes covered under those clauses are any offense where the defendant, during the commission of the offense, "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).)
>
> For the purposes of Proposition 36, a defendant is deemed to be armed with a firearm if the facts of the case establish that the defendant had the firearm

available for offensive or defensive use. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029-1030, 171 Cal. Rptr. 3d 55.) As the trial court's eligibility determination is factual in nature, we review that determination for substantial evidence. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 286, 179 Cal. Rptr. 3d 703; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331, 174 Cal. Rptr. 3d 499; *see also People v. Woodell* (1998) 17 Cal.4th 448, 461, 71 Cal. Rptr. 2d 241, 950 P.2d 85 [in determining whether prior offense was qualifying for three-strikes review, "a reasonable trier of fact could find beyond a reasonable doubt that the North Carolina trial court impliedly found that defendant was convicted of the assault because of his personal use of a deadly weapon, and not because of vicarious liability for weapon use by some third party"].)

Here, while defendant did not have the firearm on his person, the evidence showed that it was left unsecured inside an unlocked cabinet in the apartment where defendant was located and that defendant had previously retrieved the rifle and pointed it at Ms. Monroy. Such proximity, accessibility, and prior use is sufficient to support the trial court's conclusion the weapon was available for offensive or defensive use. For example, in *Hicks, supra*, 231 Cal.App.4th at pages 280-281, 284, a defendant was deemed to have a firearm available for offensive or defensive use despite the gun being found inside a backpack in an apartment, while the defendant was located at the front gate of the apartment complex, in part due to testimony that the defendant had worn the backpack and placed it in the apartment.

Similarly, in *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1011, 1012, 1018, 171 Cal. Rptr. 3d 86, we held that a defendant was ineligible for resentencing for having a firearm available for offensive or defensive use when he was located in the doorway to his apartment and the gun was found in his wife's purse in an adjacent room. As we noted then, "[a]s commonly understood, the state of being furnished or equipped with weapons is broader than carrying a weapon on one's person." (*Id.* at p. 1015.) In the instant case, it would have taken defendant mere moments to reach the kitchen from anywhere within the two-bedroom apartment in which he resided, and acquire the firearm that was placed unsecured within a kitchen cabinet. Indeed, the evidence of his past conduct showed he had done just that. Accordingly, we conclude sufficient evidence supports the conclusion defendant had a firearm available for offensive or defensive use at the time of his commitment offense, and the trial court did not err by finding defendant ineligible for resentencing under Proposition 36.

Millsap, 2016 Cal. App. Unpub. LEXIS 7100, at *3–6.

To the extent Petitioner asserts that the denial of his resentencing petition was erroneous under state law, the Court finds such a claim is not cognizable in federal habeas corpus. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (*per curiam*) ("[I]t is only noncompliance with *federal law* that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted) ("We accept a state court's interpretation

of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus.").

Petitioner has not identified, and the Court has not found, any Supreme Court case establishing the burden of proof of any fact that renders a defendant ineligible for a sentence reduction. Therefore, "it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision." Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009). However, to the extent that Jackson v. Virginia, 443 U.S. 307 (1979), is the clearly established federal law governing sufficiency of the evidence that renders a defendant ineligible for a sentence reduction, the Court finds that Petitioner is not entitled to habeas relief.

The Supreme Court has held that when reviewing a sufficiency of the evidence claim, a court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319. A reviewing court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id. at 326. State law provides "for 'the substantive elements of the criminal offense,' but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." Coleman v. Johnson, 566 U.S. 650, 655 (2012) (quoting Jackson, 443 U.S. at 319). Further, when AEDPA applies, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Cavazos v. Smith, 556 U.S. 1, 2 (2011).

Here, the California Court of Appeal held that "[f]or the purposes of Proposition 36, a defendant is deemed to be armed with a firearm if the facts of the case establish that the defendant had the firearm available for offensive or defensive use." Millsap, 2016 Cal. App. Unpub. LEXIS 7100, at *4. The court cited to People v. Superior Court (Cervantes) 225

Cal.App.4th 1007 (Cal. Ct. App. 2014), which held that a defendant was ineligible for Proposition 36 resentencing for being "armed with a firearm" when he was located in the doorway to his apartment and the firearm was found in his wife's purse in an adjacent room. <u>Cervantes</u> noted that "[a]s commonly understood, the state of being furnished or equipped with weapons is broader than carrying a weapon on one's person." <u>Id.</u> at 1015. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005).

Here, the evidence established that there was an unsecured firearm in a cabinet under the sink behind a cut-out compartment separated by a small half wall. <u>Millsap</u>, 2016 Cal. App. Unpub. LEXIS 7100, at *3. In light of <u>Cervantes</u>, and given the doubly deferential review required under <u>Jackson</u> and AEDPA, the state court's determination that Petitioner was "armed with a firearm" by having a firearm available for offensive or defensive use was not objectively unreasonable. The state court's denial of Petitioner's sufficiency of evidence claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. The decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Richter</u>, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief on this claim, and it should be denied.

## V.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 27, 2018**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE